**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TERRIS WILLSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 4:20CV1234 HEA |
| ) | |
| EMPIRE FIRE AND MARINE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before this Court on Plaintiffs' Motion to Remand, [Doc. No. 10], and Defendant's Motion to Dismiss, [Doc. No. 5]. The parties oppose the respective motions. For the reasons set forth below, the Motion to Remand will be denied and the Motion to Dismiss will be granted.

### Facts and Background

On May 14, 2020, Plaintiffs filed a Petition in the Circuit Court of the Twenty–Second Judicial Circuit, City of St. Louis, Missouri seeking uninsured motorist coverage under an insurance policy issued by Defendant on a rental vehicle from Enterprise Leasing Company of STL, LLC. Plaintiffs were allegedly injured on April 12, 2019 when their Enterprise rental car was struck by an uninsured motorist. Plaintiff Wilson purchased an insurance policy from

Defendant at the time of the rental.  Plaintiffs allege Defendant is obligated to pay their claims under the policy and have vexatiously refused to pay.

Defendant claims its policy excludes uninsured coverage. Plaintiffs argue under Missouri law, uninsured coverage is mandatory.

On September 11, 2020, Defendant removed the matter to this Court. Defendant based removal on diversity jurisdiction, which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The parties agree that the parties are diverse.

Having established diversity of citizenship, the parties dispute whether the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs have submitted affidavits that their damages are less than the jurisdictional amount, however, Defendant argues the affidavits are insufficient to establish the amount in controversy is less than the required amount

## Discussion

**Motion to Remand**

Where a complaint alleges no specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirements. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*,

346 F.3d 830, 834 (8th Cir. 2003); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). In this circuit, the amount in controversy equals "the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8thCir. 2011) (quoting *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008)). "The jurisdictional fact...is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Kopp*, 280 F.3d at 885). Based on the allegations in the Petition, which Defendant cited in the notice of removal, a fact finder might legally (and reasonably) conclude that the damages exceed $75,000, exclusive of cost.

Once the removing party meets its burden of proof, the non-removing party must establish to a legal certainty that the amount in controversy is not in excess of $75,000. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell*, 557 F.3d at 956).

In the Eighth Circuit, plaintiffs may also establish the amount in controversy to a legal certainty through a binding stipulation. "Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached" as long as the stipulation clarifies,

rather than amends the original pleading. *Toberman v. BPV Market Place Investors, LLC*, No. 4:16–CV–519 (CEJ) (E.D. Mo. Jun. 1, 2016) (*citing Ingram v. Proctor & Gamble Paper Products Co.*, No. 4:11–CV–549 (CAS), 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011)). Because Plaintiffs' affidavits do not unequivocally aver they will not collect an amount in excess of $75,000, their affidavits they "ha[ve] not entered into a binding stipulation that the amount in controversy does not and will not exceed the Court's jurisdictional amount in controversy," nor will they collect any verdict in excess of $75,000 "Plaintiff's arguments are dubious." *Schmidt v. Flesch*, No. 4:05–CV–1498 (HEA), 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006). The Motion to Remand will be denied.

**Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

4

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).

A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of [her] claim." *Twombly,* 550 U.S. at 556.

In addressing a motion to dismiss, the Court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). The Court finds the insurance policy at issue is necessarily embraced by the pleadings matters of public record and properly considered at this stage of the litigation.

5

Under Missouri law, the interpretation of an insurance policy is a question of law, *Brazil v. Auto-Owners Ins. Co.*, 3 F.4th 1040, 1042 (8th Cir. 2021)(citing *Capitol Indem. Corp. v. 1405 Assocs., Inc.*, 340 F.3d 547, 549 (8th Cir. 2003). "Missouri courts apply general contract-interpretation principles" to the interpretation of insurance policies. *Id*. (quoting *Gohagan v. Cincinnati Ins.*, 809 F.3d 1012, 1015 (8th Cir. 2016). Where policy language is unambiguous, Missouri courts will enforce the policy as written absent a statute or public policy requiring coverage. *Id*; *Rodriguez v. Gen. Accident Ins. Co. of Am.*, 808 S.W.2d 379, 382 (Mo. 1991).

Section D Paragraph 5 excludes "Liability arising out of or benefits payable under any uninsured or underinsured motorists law, in any state."  Further, the Rental Agreement also sets out key exclusions of the Supplemental Liability Policy: "(d) Liability arising out of or benefits payable under any uninsured or underinsured motorist law in any state."

Plaintiff argues that because Missouri law, R.S.Mo § 379.203.1, mandates uninsured motorist coverage, the exclusion cannot be enforced.  Defendant is correct, however, that the policy at issue is a supplemental excess policy and as such, the policy does not cover uninsured motorists.  Rather, the Missouri Motor Vehicle Financial Responsibility Law and the issue of uninsured motorist coverage

6

is covered under the rental agreement with the owner of the vehicle, *i.e.*, Enterprise.

> If the insurance policy does not violate a statute or public policy requiring coverage, a court must "accept the written policy as the expression of the agreement made by the parties, and give effect to the intentions of the parties as disclosed by clear and unambiguous language." *Rudden*, 398 F.Supp.2d at 1072–73 (citing *Childers v. State Farm Fire & Cas. Co.*, 799 S.W.2d 138, 140 (Mo. Ct. App. 1990)). Hertz's other insurance clause in its rental agreement did not exclude or bar Plaintiff or other operators from compulsory coverage as mandated by the MVFRL. [Doc. 30–2.] Instead, Hertz clearly shifted their [sic] primary financial responsibility of the MVFRL's mandatory requirements onto Plaintiff and State Farm when Plaintiff declined the Hertz Policy. No other insurance policy clauses or exclusions are at issue in this case. As a result, the Court finds that Hertz's other insurance clause does not violate the public policy purpose of the MVFRL. Given that Plaintiff's uninsured motorist coverage under his State Farm Policy is above the amount required in the MVFRL, Hertz is not liable for any payments arising out of the Plaintiff's accident.

*Pitts v. State Farm Mut. Auto. Ins. Co.*, 273 F. Supp. 3d 1044, 1051 (E.D. Mo. 2017).  Defendant's Supplemental Insurance policy sufficiently shifts the mandatory MVFRL requirements to Enterprise.  The Petition therefore fails to state a claim against Defendant for coverage.  Likewise, Plaintiff is unable to state a claim for vexatious refusal to pay by reason of the failure to state a claim for coverage.  *See See Olga Despotis Tr. v. Cincinnati Ins. Co.,* No. 4:12–CV–2369 RLW, 2016 WL 831933, at *4 (E.D. Mo. Feb. 29, 2016) (finding claim for vexatious refusal to pay failed where plaintiff failed to state a claim for breach of contract), *aff'd* 867 F.3d 1054 (8th Cir. 2017).  Defendant's Motion to Dismiss will be granted.

Case: 4:20-cv-01234-HEA   Doc. #:  17   Filed: 08/20/21   Page: 8 of 8 PageID #: 115

## Conclusion

Because Plaintiff has failed to prove the amount in controversy to a legal certainty or make a binding stipulation as to the amount in controversy, the Court cannot conclude that the jurisdictional amount at the time of removal did not exceed $75,000.

Defendant's Motion to Dismiss is well taken. Plaintiff has failed to state a claim under the supplemental insurance policy issued by Defendant. Likewise, since there is no claim under the policy, the claim for vexatious refusal to pay fails as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Doc. No. 10] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 5] is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is dismissed.

An appropriate order of dismissal is entered this same date.

Dated this 20th day of August 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

8